UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARION HEINEMANN,

                       Plaintiff,

                                                      SCHEDULING ORDER
                                                           and
                                                      COURT'S PRELIMINARY
                                                      COMMENTS AND ISSUES
                                                      RELATIVE TO IN LIMINE
                                                          MOTIONS

                                                      02-CV-6211L

                       v.

HOWE & RUSLING,
THOMAS G. RUSLING,
ROBERT B. WOLF,
CRAIG D. CAIRNS,
BARBARA MACINNES,
JOHN K. BLEYAERT,

                       Defendants.
_____

       The Court held a final pretrial conference and established the following schedule: each side must respond to the pending *in limine* motions by July 16, 2008. The reply, if any, is due July 18, 2008. These motions, matters relating to the preliminary jury trial and issues raised by Mr. D'Antonio's letter of July 9, 2008, concerning the expert Theresa Zbick, will be argued before the Court on Tuesday, July 22, 2008 at 1:00 p.m. Jury selection, therefore, will be moved back one day to July 23, 2008 at 8:30 a.m. It is expected that we will pick a jury and the Court will give its

preliminary charge to members of the jury. Opening statements and proof will commence on July 24, 2008.

*In limine* Motions: As I indicated at the pretrial, it may be helpful for both sides in assessing the case to be apprised of the Court's initial sentiments on the *in limine* motions. I recognize that I have not received opposing papers on these motions, and my preliminary thoughts are certainly not binding on the Court in any way. I thought that it might be important, though, to at least have you appreciate my initial findings so that you can evaluate the case and prepare for trial.

There are five *in limine* motions filed by the defendants and three by plaintiff.

**Defendants *In Limine* Motions:**

As to Motion *In Limine* No. 1 (Elizabeth Becker): I have some difficulty under *Daubert* believing that her testimony is relevant, that she has expertise in the field and that her testimony would aid and assist the jury. I am not at all sure that her statistical analysis concerning the cancellation rate of plaintiff's clients is helpful. If the protocol used by defendants indicated a high cancellation rate (which plaintiff's expert Becker does not appear to dispute), it would not appear to be helpful to the jury in determining defendant's motivation to engage in a lengthy discussion and a statistical analysis as to whether Ms. Becker believes the cancellation rate was statistically significant using her protocol.

I would grant the Motion *In Limine* No. 2 relative to the race-based comments and other comments adverted to in the motion.

I would also grant the Motion *In Limine* No. 3 relative to the statements of Bleyaert. I fail to discern the relevance and probative value of this testimony. Plaintiff and Bleyaert are simply not similarly situated in any respect to make the testimony relevant.

Concerning Motion *In Limine* No. 4: I need plaintiff to clarify to what part of the claim this evidence relates. It seems to have little to do with the initial decision to fire plaintiff or to the claim of retaliation. The timing of the calls seems to be important relative to the ethical challenge made here. Defendants need to explain why the statements made by defendants to the reference-seekers would not be admissible as an exception to the hearsay rule under Rule 801(d)(2) -- admission by a party -- opponent.

Concerning Motion *In Limine* No. 5: I see no basis for the testimony of Eric Ward and it does seem that as to Baumgartner and Adams, their earlier nondisclosure should preclude use at trial.

**Plaintiff's Motions *In Limine*:**

Concerning Plaintiff's Motion *In Limine* No. 1: I need more information on this one. The motion apparently seeks to preclude certain evidence because of defendants' failure to produce. The motion does not specify what documents are involved and to what issues they relate. Furthermore, this type of request seems woefully untimely. There was a process, a rather lengthy one, before Magistrate Judge Feldman concerning discovery. If there was some defalcation by defendants, then the matter should have been brought to Magistrate Judge Feldman's attention.

Concerning Plaintiff's Motion *In Limine* No. 2: The proof should focus on the basis for defendants' decision to fire plaintiff. I tend to agree with plaintiff that reasons conjured up well after the fact are not probative. On the other hand, if there were reasons for the firing, held at the time of the incident, but through inadvertence or otherwise were only belatedly disclosed, I believe the proof would be admissible, subject, of course, to robust cross-examination.

Concerning Plaintiff's Motion *In Limine* No. 3: I suppose to some extent resolution of this depends on the extent to which Becker testifies.

Concerning Mr. D'Antonio's letter of July 9, 2008, concerning the expert Zbick, and based only on the information provided, I believe precluding the expert would not be warranted.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 11, 2008.